**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7758

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYRONE WILLIAMS, JR., a/k/a TJ,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:11-cr-00058-RAJ-FBS-9; 2:16-cv-00381-RAJ)

Submitted: August 3, 2021                          Decided: August 17, 2021

Before KEENAN, FLOYD, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Frances H. Pratt, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyrone Williams, Jr., seeks to appeal the district court's order dismissing his 28 U.S.C. § 2255 motion. Williams pled guilty pursuant to a plea agreement to participation in a racketeering enterprise, in violation of 18 U.S.C. § 1962(c), and possession of a firearm in furtherance of the crimes of violence of attempted murder in aid of racketeering activity and assault with a dangerous weapon in aid of racketeering activity, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A). The attempted murder and assault predicates were predicated on violations of Virginia state law. The district court dismissed Williams' § 2255 motion as untimely.

On appeal, the Government has withdrawn its timeliness defense to Williams' § 2255 motion but nevertheless suggests that his § 924(c) conviction remains lawful after *United States v. Davis*, 139 S. Ct. 2319 (2019), and *In re Thomas*, 988 F.3d 783 (4th Cir. 2021). Williams moves to remand this case so the district court may consider the merits of his § 924(c) challenge in the first instance.

When the district court considered Williams' § 2255 motion, it did not have the benefit of *Davis*, which held that the residual clause of the crime of violence definition in 18 U.S.C. § 924(c)(3) is unconstitutionally vague. 139 S. Ct. at 2323-24. The district court also did not have the benefit of our recent holding in *In re Thomas* that "*Davis* applies retroactively to cases on collateral review." 988 F.3d at 786. We further concluded in *In re Thomas* that the *Davis* rule is substantive because it placed individuals "who had committed a crime . . . that satisfied the [crime of violence] definition in . . . [§ 924(c)'s] residual clause . . . beyond the government's power to prosecute," *id.* at 789, and noted that

2

the Supreme Court made *Davis* retroactive because the Court "has held that new substantive rules of constitutional law generally apply retroactively to cases on collateral review," *id.* at 790 (internal quotation marks omitted).

The district court determined that the § 2255 motion was untimely and therefore did not reach the merits of Williams' § 924(c) challenge in the first instance. "[W]e are a court of review, not of first view." *Lovelace v. Lee*, 472 F.3d 174, 203 (4th Cir. 2006) (internal quotation marks omitted). We grant Williams a certificate of appealability on the issue of whether, in light of *Davis* and *In re Thomas*, the district court erred in dismissing his § 2255 motion as untimely. We vacate the district court's dismissal order, grant Williams' motion to remand, and remand to the district court for consideration of the § 2255 motion on the merits in the first instance.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*